# DECISIONS

OF THE

## SUPREME COURT OF MISSOURI.

### THIRD JUDICIAL DISTRICT,

#### MAY TERM, 1841.

---

BASCOM, impleaded with MYLIUS, v. YOUNG.

1. It is error to enter judgment against a party who has not been served with process, and does not answer to the action.
2. Money borrowed by a partner in the name of the firm becomes a partnership debt, unless the lender knew, or had reason to believe, that the borrower wanted the money for his own private use, or the transaction was out of the ordinary course of business.

Appeal from the St. Louis Circuit Court.

*Polk for Appellant.*

1st. That judgment was rendered by the circuit court against the two defendants, Mylius & Bascom, although Mylius was not served with process and did not appear to the action. See 3 Blk. Com. 279 *et seq. et passim.*

2. That the finding of the jury is against the weight of evidence. That the evidence as preserved in the bill of exceptions, shows that the money for which the note sued on was given, was obtained for the individual use of Mylius, and not for the benefit of the firm, and that the circumstances were such as must have satisfied the defendant in error of that fact.

1

MAY TERM,
1841.

Bascom, im-
pleaded with
Mylius,
v.
Young.

*King and Tunstall for Appellee.*

The circuit court committed no error in this case.

1st. *He* did not err in his instructions to the jury.

2. The jury committed no error in finding their verdict from the evidence for Young.

3. The court did not err in refusing to grant a new trial in this case.

4. The plaintiff in error, Bascom, cannot get relieved from the payment of this note, unless he could show from the evidence in the case that Mylius and the defendant in error, Young, both knowingly and intendingly confederated together to commit upon him a fraud. See 1st vol. of Leigh's *nisi prius,* and the authorities there cited, page at top 352, on the subject of partners; also, page at top 353, &c.

5. And there is no testimony in this cause showing this fact, or even intimating of it. So far as Young was concerned, it was on his part a fair and bona fide transaction; the money by him was advanced to Mylius, upon the credit of the firm of Mylius and Bascom.

6. The proof shows that they were in partnership, and so continued in partnership, for there has been no announcement of a dissolution as yet, and the law affixes this responsibility on Mr. Bascom; and if he has associated with him a bad man in business as a partner, he must take the consequence of his partner's acts, and not expect innocent persons to suffer in consequence of his alliance with him, by his own voluntary act.

BASCOM, impleaded with MYLIUS, pl'tiff in error, v. YOUNG, defendant in error.

*Polk for Appellant.*

This case differs in no material respect from the other case between the same parties numbered 5, of the returns to this term, except that the judgment before the justice of the peace, where the action was originally commenced, was against the plaintiff in error, and not in his favor, as in the other case.

*King and Tunstall for Appellee.*

*Opinion of the Court by Tompkins, Judge.*

MAY TERM, 1841.

Bascom, im-
pleaded with
Mylius,
v.
Young.

Young commenced two actions, before a justice of the peace, against the appellants, Mylius and Bascom, both founded on notes. Notice of the actions were served on Bascom; but was returned by the officer that Mylius was not found. In the one case the judgment of the justice was for the defendant, Bascom; and in the other for the plaintiff, Young. Appeals to the circuit court were taken in both cases. Young took his judgments in the circuit court against the defendants; and in each cause, and in every entry of each days' proceedings, Mylius and Bascom are named either as defendants, or in their accidental character of appellants or appellees. It was proved that Mylius and Bascom were partners in an establishment for selling jewelry; that some time in the year 1839, Bascom was absent from St. Louis, in the east, for the purpose of purchasing supplies for this establishment: and that during his absence the several sums of money for which these notes were executed by Mylius in the name of the firm, viz: John P. Mylius & co. The one was for $150, the other for $120. Young kept an exchange office in St. Louis. It was also proved by him that, during the said absence of Bascom, Mylius had executed notes in the name of the firm to other persons, which Bascom, after his return, had paid. The consideration of these other notes was jewelry. Other evidence was given, which it is not material to notice here.

The plaintiff in error, Bascom, contends that the judgment of the circuit court ought to be reversed: First, because judgment is taken against Mylius and Bascom, when Bascom alone was summoned; and secondly, because it does not appear that the money was borrowed for the use of the firm, and that to deal in money was not in the course of their trade.

The first objection to the judgment appears to be well taken. Young, the defendant in error, should have taken judgment against Bascom only. But it does not appear from any evidence in the cause, that Young had any reason to believe that Mylius wanted this money for his own pri-

It is error to enter judgment against a party who has not been served with process, and does not answer to the action.

MAY TERM, 1841.

Bascom, impleaded with Mylius, v. Young.

Money borrowed by a partner in the name of the firm becomes a partnership debt, unless the lender knew, or had reason to believe, that the borrower wanted the money for his own private use, or the transaction was out of the ordinary course of business.

vate use only, and the amount of both notes was so small, that it might well have been necessary to the firm in the ordinary transaction of its business on such an occasion. Bascom appears from the evidence to have had all the capital used in the trade: he was absent for the purpose of purchasing goods, and that amount of money borrowed might probably enough have been necessary to the firm. He seems to have misplaced his confidence; for Mylius appears by the evidence to have absconded before Bascom's return to St. Louis. It is then more fit that he should bear the loss consequent on the improper conduct of his partner, than that Young, who does not appear to be privy to any fraudulent intent on the part of Mylius, should bear it.

The circuit court, then, in my opinion, committed no error in refusing Bascom a new trial; but because its judgment was for Young against both Mylius and Bascom, when Bascom alone had been summoned, its judgment ought, in my opinion, to be reversed; and such being the opinion of Judge NAPTON, its judgment is reversed; and this court directs the clerk to enter up judgment against Bascom alone, against whom the circuit court ought to have entered up judgment.