ANDERSON vs. BROWN, (OF COLOR.)

1. The act regulating suits for freedom, which authorizes the judge to issue a writ requiring the sheriff to bring the plaintiff before him, whenever he is satisfied that there is danger that the slave will be removed out of the State, does not require that the judge should be satisfied by the testimony of a witness; any evidence which satisfies him, or his own knowledge, is insufficient.

2. The proceedings on such a writ are not a part of the proceedings in the suit for freedom.

3. A party who is in court for one purpose, is not necessarily in court for any other purpose.

4. Judgment cannot be legally rendered against a party who has no notice of the proceeding.

APPEAL from St. Louis Circuit Court.

A. TODD, for Appellant.

POINTS AND AUTHORITIES.

1. The said writ was illegally issued, because issued on hearsay alone. The recital in the writ shows that it was issued on Dayton's affidavit, and the matter of the affidavit which is the basis of the writ, is only the information to Dayton by Paulding; 10 Wend. 420; 11 J. R. 175.

2. The judgment as against Anderson at least was illegal, because Anderson was not summoned under said writ, nor had any day in court, or other opportunity to defend or purge himself, and by the recital in the judgment, it appears that the court had no other evidence than said affidavit.

A judgment against a person not brought into court, is illegal and error; 7 Mo. Rep. 433 ; Oliver Caldwell vs. Rachael Lockridge, adm'x of Jones Lockridge, deceased, 9th Mo. Rep.

3. If the court below thought Anderson guilty of any willful disobedience of any process or order, lawfully issued or made by it, as provided for by sec. 37 of the act to establish courts of record, &c., page 160 of the Rev. Code of 1835. then by sec. 59 of said act, Anderson was entitled to a notice of the accusation and reasonable time to make defence.

4. Sec. 4 of the act for suing for freedom, p. 285, Rev. C. of 1835, does not authorize judgment against the person having the negro, and summoned. But if inferred, still Anderson was not summoned.

McBRIDE, J., delivered the opinion of the court.

On the 19th January, 1844, B. B. Dayton makes affidavit setting forth that on the 17th January, 1844, Squire Brown commenced suit, by consent, against Charles R. Anderson for his freedom in the St. Louis circuit court, and that an order was made by said court permitting said Brown to sue as a poor person, and that said Dayton be assigned as his counsel; that said Brown have reasonable liberty to see his counsel and attend the court, and that he be not removed out of the jurisdiction of said court, nor be subjected to any severity on account of his suit;— that the defendant appeared by his attorney, consented to the filing of the declaration and the order made in the cause, and filed a plea to the declaration, on the said 17th January, 1844. The affiant further sets forth that he is informed by John Paulding, a constable, that he said Paulding, at the request of said Anderson, on the said 19th January, arrested said Brown, and took him to the steamboat Admiral, for the purpose, as said Anderson told him, of sending said Brown south, and that said Brown was put on said boat, which was bound for New Orleans, and which with said Brown has departed for that place; and said Dayton believes, *therefore*, that said Brown is now about being removed out of the jurisdiction of this court.

Thereupon the judge of the circuit court issued a writ to the sheriff of St. Louis county, in which it is recited that he is *satisfied by the foregoing affidavit* that said Brown is about to be removed, &c., and commanding said sheriff to seize said Brown and bring him before the judge on the 20th January instant, at 9 o'clock, A. M., at the county jail, and that he summon to appear, at the same time and place, any person claiming or having in possession said Brown.

The sheriff returned that on the 20th January, 1844, he seized said Brown, and had him before the judge, as required by the writ, and that he summoned Israel Morris, he being the person who claimed said Brown, and had him in possession, to be and appear at the jail of said county as aforesaid. No further proceedings appear to have taken place before the judge. But afterwards on the 26th January, 1844, the circuit court rendered a judgment in the premises, wherein the foregoing proceeding are recited; and further that said Morris, at the time and place aforesaid, (to wit, 20th January, at the jail, &c.,) though demanded came not; whereupon it is considered by the court, that said Morris and said Anderson pay the costs and charges in this behalf expended, &c.

On the 12th February, 1844, Anderson filed his motion to set aside said judgment as against him, because the same is illegal, having been rendered without authority in law; which motion was overruled. On the 29th of said month Anderson filed another motion to set aside the decision of the former motion, which was also overruled, to which decision of the court the said Anderson excepted, and has brought the case here by appeal.

The appellants counsel insist that the writ was illegally issued, because issued on hearsay testimony alone, and refers to 10 Wend. Rep. 420, where it is held that affidavits of *a plaintiff* that *from reports and information* he believed that his debtor kept out of the county to avoid paying his debts; and of his *witnesses* that *they had been informed* that he had departed, and, *as his creditors* said, for the purpose of defrauding them, are not sufficient to authorize the issuing of an attachment by a justice. By the statute of New York, under which the foregoing proceedings were had, the justice before he is authorized to issue an attachment, is required to have *satisfactory proof* by at least one disinterested witness, &c. In the case referred to in 11 John. R. 175, the court construe the words *satisfactory proof* to mean legal evidence, or such as would be received in the ordinary course of judicial proceedings.

Our statute under which the judge proceeded in this case, differs somewhat from the New York statute. Ours provides, R. C. sec. 4. p. 285, that if the court or judge is *satisfied* that the petitioner is about to be removed out of the jurisdiction of the court, he shall cause the petitioner to be brought up by a warrant under the seal of the court or the hand of the judge. There is certainly a material distinction between the two statutes in this. Under our statute it would be entirely competent for the court or the judge to issue a warrant upon his

Anderson vs. Brown (of color.)

own knowledge of facts, which would authorize the belief that the petitioner was about to be removed, for then he would be *satisfied*. Whilst it has been decided under the New York statute, that a justice could not legally act upon facts within his own knowledge, however well founded, because the statute declares that he must have *satisfactory proof*. See the case in John. Rep. last referred to. But it is not important now to dispose of the point, and we only refer to the authorities cited for the purpose of showing that they are not entirely conclusive on the question.

It is contended that the judgment against Anderson at least was illegal, because he was not summoned under the writ, and had no day in court or other opportunity to defend himself. We are at a loss to ascertain how the proceeding before the judge at his chamber found its way into the circuit court, and became engrafted on the action between the parties in the freedom cause. The writ issued by the judge accomplished its office, when the sheriff made his return on it, and the only reason for summoning the person who had the petitioner in custody, was to afford him an opportunity of showing his right to such possession, and not to answer any further proceedings which it might become necessary to take against him. If the acts of the party in possession amounted to a contempt of the court, or a violation of any of its orders, and for which the party was liable, the court should have instituted proceedings in term time, and caused the party offending to appear in court, and show cause why he should not be adjudged guilty of such contempt and punished accordingly. But if, as the counsel contend, the proceedings against Morris be regular and valid, still as Anderson was not summoned, and for anything appearing to the contrary in the record, had no notice whatever, and may not, in point of fact, have done any act which ought to have subjected him to the payment of costs, it is difficult to conceive upon what grounds the judgment was rendered against him. It is error to enter judgment against a party who has not been served with process, and does not answer to the action; 7 Mo. Rep. 1. It is a principle of universal law, that a judgment rendered against a party who had no notice of the proceedings is utterly void; 7 Mo. Rep. 463.

The circuit court may have proceeded against Anderson, because he was a party to the suit, and had entered his appearance in the cause, and might therefore be considered as in court. But we cannot recognize the correctness of the principle, that when an individual is in court for one purpose, he may be considered in court for any other, or or all purposes. But if it could be so regarded by the court in refer-

41

ence to Anderson, and this proceeding is taken as a part of the case of Brown against Anderson, by what principle has Morris been brought in and made a co-defendant, as there is no order of the court making him a party to the suit.   Viewed in this light the judgment is erroneous.

For the foregoing reasons, the judgment of the circuit court ought to be reversed, and the other Judges concurring the same is reversed.