## BLACK vs. PAUL.

An answer of a garnishee admitting that he had been indebted to A., but that before he was summoned, by an agreement between himself, A. and B., a creditor of A., the debt was to be paid to B., is evidence in his favor to shew that he is not indebted to A.

## ERROR to St. Louis Court of Common Pleas.

HAMILTON, *for Plaintiff in Error*, contended:

1. The arrangement set up in the answer having been put in issue, should have been proved by the garnishee. In the case of Davis vs. Knapp & Shea, this Court merely decided, that the answer of the garnishee, as to the extent of his alleged indebtedness, shall be presumed true, and operate to discharge him from liability, unless disproved. This is in conformity with the rule in Chancery, that where the matter in issue is referred by one of the parties to the oath of the other, such oath, though in favor of the deponent himself, is decisive of the point. In the decision referred to, it was not designed, as it is imagined, to adopt the rule itself, without its acknowledged exceptions, by allowing the answer to be conclusive as to extrinsic matter, that which is merely in avoidance, and growing out of a distinct transaction, or to enable the garnishee by his oath to

swear title into a third party.  Hoffman's Ch. Pr. 78, 79, 80, and cases cited.  Where the answer denies or admits the facts stated, but sets up other facts in defence or avoidance, the answer is no proof whatever of the facts stated, but they must be proved by independent testimony.  2 Story's Equity, 915.  Ashby vs. Watson, 9 Mo. 237.  The answer is not to receive a different construction from what it would in a suit in Chancery.  5 Mason, 281.

2.  The answer showed no title to the fund in Page.    3 B. & C., 501.   4 ib. 163.   5 D. & R., 417.   7 N. H., 345.   Ib. 397, and cases there cited.   Chitty on Contracts, 612—13—14.

3.  The garnishee submits the question of title on the facts stated by him in his answer to the Court.   Taking the answer as true, or if the same facts set out had been proven by the defendant in the execution, we were entitled to our judgment for the amount in the hands of the garnishee, under our motion.  3 Ala. New Series, 312.  Ib. 1, 315.   The discharge of the garnishee was without any foundation in the law or the facts of the case.

SPALDING & TIFFANY *for Defendant in Error:*

1.  The answer of the garnishee was evidence of the agreement therein stated, to pay the balance owed by the garnishee to D. D. Page, and therefore the first instruction asked by the plaintiff was properly refused.  8 Mo. Rep., 657.  Davis vs. Knapp & Shea, 9 Mo. Rep., 48, case of Knapp & Shea cited and confirmed.

2.  The Court properly refused to give the second instruction, as it was erroneous in the following particulars, viz:

1st.  In requiring to be *expressly* proved, that by the arrangement the debt due by Paul to Baird was extinguished, &c., it being clearly legal to prove that fact by *implication,* or by *circumstantial evidence.*

2nd.  In requiring the agreement of Page to accept Paul only as his debtor to be *express,* and that it should be proved to have been express.

3rd.  In requiring it to be proved that Page by *express* agreement accepted Paul, and *him only,* as his debtor, whereas if the agreement was fully proved as set forth, and if Page agreed to discharge Baird, the consequence would follow that Paul was his only debtor, and it needed no *express* agreement.

4th.  Because the agreement mutually among the three, Paul, Baird and Page, that Paul should pay to Page, was valid, being in consideration of mutual promises ; and as the debt was merely a *parol* contract, and as before it was due, or the work done, the agreement was made, the debt, if it did accrue, accrued to Page.   1 Phillips Ev. 563. ; that parol agreement before breach can be discharged by parol.  4 N. H. Reps., 196.  1 Cowen, 345.  7 N. H. Reports, 397—345.   1 Miss. Rep., 556.

3.  The motion to give judgment against the garnishee, was rightly overruled, or if it were not, the action of the Court in relation thereto, cannot be impeached, as it was not excepted to.   The bill of exceptions states that it *was overruled,* and that plaintiff *excepts :*—excepting at the time the bill of exceptions is signed will not do, unless it should appear that the bill of exceptions was signed on the spot, when the motion was overruled, and before anything further was done.

SCOTT, J., *delivered the opinion of the Court.*

Paul was served with a garnishment on an execution, by Black, who had obtained judgment against Baird.   To the usual interrogatories he responded, that Baird, the defendant in the execution, agreed to put up for him a balcony, for which he had paid him $300 in advance, and that

he refused to pay any more until the work was completed. That Baird then told him that he was indebted to D. D. Page, and that Page was pressing him. Paul, the garnishee, then offered to pay Page any balance that might be due, when the balcony was finished, which was agreed to and desired by Baird. Thereupon, long before Paul was summoned as a garnishee, at the request of Baird, he agreed with Page to pay him the balance that would be due when the work was done. That after the balcony was finished, and before he settled with Page, he was garnisheed at the suit of Black. In an amended answer, Paul states that it was expressly agreed among the three, Page, Baird and himself, that he should pay any balance he might owe Baird, to Page. Black denies so much of Page's answer as asserts the existence of any agreement among Page, Baird and Paul, relative to the payment of the balance.

Black asked the following instructions, which were refused, viz :

I. The answer of said garnishee setting up an arrangement by which Page was to receive the balance admitted to be due Baird by said Paul the garnishee, is not of itself evidence of such an arrangement, entitling Page to receive the money; and unless such an arrangement be proved and established by said garnishee, the plaintiff is entitled to judgment against the garnishee.

II. The answer of said garnishee setting up an arrangement by which Page was to receive the balance admitted to be due Baird by said Paul the garnishee, is not sufficient to exonerate and discharge said garnishee in this proceeding, unless it is expressly proved by said garnishee that so much of the debt as was originally due by him to said Baird, should be, and was extinguished by the new arrangement; and that such extinguishment does not take place unless the garnishee proves that there was communication between all the parties, to-wit : the garnishee, defendant, and Page, and an express agreement by said Page to accept the said Paul, and him only, as his debtor for the amount of the said balance. There was a verdict and judgment for Paul the garnishee.

It has been repeatedly decided by this Court that the answer of a garnishee is evidence. Davis vs. Knapp & Shea, 8 Mo. Rep., 657. Gwathmey vs. Stevens, 9 Mo. Rep., 640. The principle of equity law which has been urged by the plaintiff in error, that where a party admits an indebtedness, his answer setting up facts in avoidance of it is not admissible, has no application to this case. Paul is asked if he is indebted to Baird, he answers in the negative, and shows the reasons for his answer. He does not seek to avoid any indebtedness on his part. He acknowledges that he owes the debt, and only wishes to know to

whom it is to be paid.   It is a matter of indifference to him to whom it is paid.   Black has called on him to answer ; under oath he has done so, and it would be strange that no respect should be paid to what he says.   He is a competent witness between these parties, for he stands indifferent between them.   Suppose Paul in his answer had failed to state the agreement by which he had become pay-master to Page, and Baird had recovered his debt from him, would not Paul have had an action against him on their contract ?   St. Louis Perpetual Insurance Company vs. Cohen.   9 Mo. Rep., 442.

In the case of Tatlock vs. Harris, 3 D. & E., 180, Buller says, " if A. owes B. £100, and B. owes C. £100, and the three meet, and it is agreed between them that A. shall pay C. the £100, B.'s debt is extinguished, and C. may recover that sum against A.   This principle has been repeatedly recognized. · 7 N. H. Rep., 395.   Heaton vs. Augier.   Wilson vs. Coupland, 7 E. C. L. Rep., 77.   Wharton vs. Walker, 10 E. C. L. Rep., 303.

It follows, then, that there was no error in refusing the instructions asked by Black, and Judge NAPTON concurring, the judgment is affirmed.