### Smith v. Ross and Strong.

1. The omission of the middle letter of a name is not a misnomer or variance.

2. A judgment rendered against a party who had no notice of the proceedings, is utterly void.

Error to St. Louis Court of Common Pleas.

PRIMM for Plaintiff.—ALLEN for Defendants.

Smith
v.
Ross & Strong.          *Opinion of the Court, delivered by Scott, Judge.*

Ross and Strong brought an action of debt against Solomon Smith, on a judgment recovered in the county court of Mobile co, in the State of Alabama. On the trial of the issue taken on the plea of nul tiel record, the transcript produced in evidence, showed that John McD. Ross and Thomas Strong were plaintiffs, and that the judgment was rendered against Edwin Haniman and Solomon Smith. Haniman, it seems, was not served with process. Smith, who was served, appeared and entered several pleas. At the trial term, the record states, the parties appeared by their attorneys, and thereupon a jury was sworn, whose verdict was in this form: "We of the jury find for the plaintiffs, and assess their damages, &c." A judgment is then rendered against the "defendants" on which an execution is issued against both Haniman and Smith. On the trial below the plaintiffs had judgment.

The question is, whether there was a variance between the declaration and the transcript offered in evidence. Ross recovered the judgment sued on, by the name of John McD. Ross, and institutes this suit by the name of John Ross. This it is contended is a variance. The declaration does not profess to set out the record in so many words; nor is it so vouched as to hold the plaintiff to the proof of an exact copy. It is said that "McD." is a part of the family name of Ross, and not the initials of a middle name; but from an inspection of the record, we are satisfied that "McD." is not a part of the surname, but the initials of a middle one. Had it been a part of the middle name, the suit might have been abated by plea, and in that way the truth of the assertion might have been tested. In the case of Keene v. Meade, 3 Peters, it was said by the supreme court of the United States, that there were cases strongly countenancing, if not fully establishing. that the omission of the middle letter of a name

The omission of the middle letter of a name is not a misnomer or variance.

is not a misnomer or *variance*. The same principle has been recognized and sanctioned by this court. 7th Mo. Reports, 263.

Another variance alleged is, that the transcript offered in evidence shows that a judgment was recovered against both Haniman and Smith, and the declaration is against Smith alone. If this objection really existed, it would be difficult to surmount. Rastal v. Stratton, 1 H. Black. R.

But, from the record offered in evidence, we do not conceive that Haniman had any notice of the proceedings. It is a principle of universal law, that a judgment rendered against a party who had no notice of the proceeding is utterly void. Policy requires that in some instances a judgment, rendered on what is termed constructive notice, should have the force and effect of those obtained after a personal knowledge of the proceedings. But these derive their force and effect from statute law, they have no extra territorial validity, and the comity of the courts of other States is not carried so far as to extend to them any respect. The constitution of the United States declares that full faith and credit shall be given in each State to the judicial proceedings of every other State ; but this provision has never been held to extend to judgments rendered against a party without any knowledge of the proceedings. 15 John. 121.

A judgment rendered against a party who had no notice of the proceedings is utterly void.

In the case under consideration the return on the process is, that Haniman was not found. Afterwards, when the issues joined by Smith were about to be tried, the record states, the parties appeared by their respective attorneys. We do not think by the word "parties," it was intended to include Haniman. He was no party to the issue about to be tried; his appearance was not required at that time, and if he had appeared and said nothing in defence, as he was no party to the issue, his default would have been noted. It cannot be inferred that because judgment was rendered against Haniman, therefore he had notice. Such an inference would take away entirely the defence of a want of notice of the proceedings. In order to ascertain whether there was notice, reference must be had to the proceedings prior to the judgments ; and if it does not appear from them that the party

was notified, we cannot infer it because a judgment was rendered against him. The judgment against Haniman, according to the principles above stated, being void, the plaintiff did right in regarding it as a nullity as to him, and declaring against S. Smith alone.

Judgment affirmed.