# CRAWFORD v. THE BRANCH BANK AT MOBILE.

1. The drawer of a foreign bill of exchange is liable upon it, according to the law of the place where the bill is drawn.
2. When a bill of exchange is drawn in Alabama, upon a person in Washington City, the drawer is liable, upon its dishonor, to pay the damages, and interest provided by the law of this State.

ERROR to the Circuit Court of Mobile.

THIS was an action of *assumpsit* in the court below by the defendant against the plaintiff in error, on the following bill of exchange.

Mobile, March 26, 1840.

$600.

Gent.—Four months after date of this, first of exchange, second of same tenor and date unpaid, pay to David Files, or order, six hundred dollars, for value received, and charge the same to

Your obedient servant,

WM. CRAWFORD.

To C. L. FONLEN, Esq. Washington City.

The defendant failing to appear and plead at the return term of the writ, judgment was rendered against him by default, at the succeeding term for seven hundred and sixty-five dollars sixty cents, and costs.

The defendant prosecutes this writ, and now assigns for error,

1. The cause was discontinued by failing to continue it.

2. The bill was payable in Washington city; interest and damage could not, therefore be calculated on the bill without the intervention of a jury.

The plaintiff in error, submitted a written argument, and cited Minor'sRep. 98; 2 Ala. Rep. 294; 9 ib. 10.

B. F. PORTER, contra, cited, Minor 395; Aik. Digest, 248, § 15; 284, §145; 1 Ala. Rep. 80; Greenleaf on Ev. 538, § 490; Story on Bills of Exchange, 171, § 153.

ORMOND, J.—The statute, [Aik. Dig. 284, § 145,] continues all causes which remain on the docket undisposed of until the succeeding term, without any action of the court in each particular case. In addition, it may be added, that the act of February, 1839, which prohibits a judgment from being rendered but by the consent of the parties at the appearance term, is in law a continuance of the cause until the ensuing or trial term.

By the act of drawing a bill, it is true that the drawer directs the payment of the money to the payee, or holder, at the place where the bill is payable; but the drawing of the bill creates also a conditional liability upon the drawer, that if the bill is not paid by the drawer, upon receiving notice of that fact, he will pay it. His undertaking is not to pay the bill at the place where it is payable, but at the place where it is drawn upon default of the drawee, and by the law of the latter place must his liability on the bill be

ascertained. At least such are the legal inferences and consequences flowing from the mere fact of drawing a foreign bill; whether it is not competent for the parties, by contract, to create a law for themselves, by which the drawer on the dishonor of the bill should be liable as to damages and interest, according to the law of the place upon which the bill was drawn, need not be decided here.

By the law of this State, [Aik. Dig. 328, § 3, 4, 5 & 7,] the liability of the different parties to a bill of exchange is ascertained and defined; by that law, it is expressly declared, that the damages upon a protested bill drawn on persons without the limits of this territory shall be ten per cent. besides *legal* interest, from and after the date of the protest, which by the express provisions of the act, applies both to the drawer and endorsers.

By the use of the term "legal interest," we think it indisputable that the Legislature meant the rate of interest established by law in this State; it is therefore unnecessary to consider what is the rule of the law merchant in such cases, though we do not doubt that an examination of the mercantile law would establish conclusively that our statute is merely in affirmance of it. [See Story on Bills, 172, and authorities cited in note 2.] The case of Hanrick v. Andrews, [9 Porter, 9,] determines no principle adverse to the view here taken, nor was the question here discussed, presented on the record. Some general remarks, it is true may be found in the reasoning of the court, which considered apart from the point under discussion, lend some countenance to the view taken by the plaintiff in error. If, however, it were clearly and explicitly stated as the plaintiff in error supposes, not being a point raised upon the record, it is no authority in this court.

Upon the application of the plaintiff in error a *re-argument* of the cause was directed, which being had, the following opinion was delivered.

GOLDTHWAITE. J.—A re-hearing was granted in this case at the last term, on motion of the plaintiff in error, and we have since then given much consideration to the written argument then submitted; but, notwithstanding, the court continues to hold the opinion that the judgment of the circuit court must be affirmed.

The contract of the drawer of a bill of exchange, is not a con-

tract to pay the sum of money named in it, at the place upon which it is drawn; it is only a contract that the bill shall be accepted, and then paid by the drawee; and farther, for the payment of the sum of money, and such other sum as will indemnify the holder, at the place where the bill is drawn, if it is not accepted or not paid, and is protested and notice duly given.— [Story on Bills, § 107, 114, 118.] And this indemnity is governed by the law of the place where the bill is drawn, and not that of the place where it is made payable—[Id. § 176, and note 2, § 177.] This is sufficiently evident, when it is considered that a suit may be brought against the drawer immediately upon giving him due notice of the non-acceptance of the bill, and its protest for that cause, if it be a foreign one. [Milford vs. Meyer, Doug'l, 54.] In such a suit, although no interest would run until the maturity of the bill, the judgment would carry interest according to the law of the place where obtained, entirely independent of the circumstance, whether the bill had or had not, run to maturity.

So, likewise, it is evident, from a consideration of the rules which regulate exchange and re-exchange in those countries where damages *eo nomine* are not given in lieu of these matters. In DeTastet vs. Baring, 11 East. 265, it is said that the holder has the right to re-draw for the precise sum which will produce the amount of the bill when payable, with the necessary expenses upon it. And in Mellish vs. Simeon, 2 Hen. Black. 378, an instance is given where a bill for £600 or more, was increased to £900 and upwards, by an accumulation of re-exchanges. In the latter case it was held that the drawer in London, was responsible there for all this accumulation. It is entirely evident, that if the holder of the bill is authorised by the general law merchant to re-draw, that the money for the re-draft is payable at sight, at the place from whence the dishonored bill was drawn; and consequently, if not paid, the money is then due, and bears interest according to the law of that place. So well settled is this rule, that Mr. Chitty recommends to his readers that it may frequently be important to limit the amount of re-exchange and expenses, as well as interest, by the terms of the bill. [Chitty on Bills, 666; Story on Bills, § 397 to 401, and notes.

Judgment affirmed.