Roach v. Burnes.

————<del></del>————

MARY ROACH, Appellant, *v.* JAMES N. BURNES *et al.*, Respondents.

*Judgment.*—A judgment recovered without notice is void.

*Injunction—Damages.*—Upon the dissolution of an injunction enjoining the enforcement of a judgment by execution, it is erroneous in assessing damages to enter judgment for the debt against the principal and securities in the injunction bond. (R. C. 1855, p. 1249, § 13 & 14.)

*Error to Weston Court of Common Pleas.*

James N. Burnes, one of the appellees, commenced his suit

by attachment in the Weston Court of Common Pleas, in November, 1859, against one George W. Simmons. The defendant Hood, as marshal of the court, attached, by virtue of the writ of attachment in the suit, two roan horses and and one two-horse wagon, as the property of said Simmons. The defendant Simmons gave bond, under 29th section of the attachment act, for the forthcoming of the property when and where the court shall direct. In the bond, Mary Roach, with others, became securities. In February, 1860, James N. Burnes, the plaintiff in the attachment suit, recovered judgment against George W. Simmons for the sum of three hundred and thirty-two dollars and six cents. Afterwards, on the 8th day of March, 1860, the said Simmons delivered up to the said Marshal Hood the two horses and the wagon (the property originally) attached, and for the forthcoming of which the bond of Mary Roach and others had been given. The property was sold to satisfy said judgment of Burnes, but did not sell for money enough to satisfy the execution. The proceeds of the sale were applied towards paying the execution. On the 10th day of March, 1860, James N. Burnes, the plaintiff in the attachment suit, filed the following motion in said Weston Court of Common Pleas against Simpson Roach, Thomas Simpson, and Mary Roach, the present appellant, namely: "James N. Burnes, plaintiff, v. George Washington Simmons, defendant. The plaintiff moves the court for judgment against Simpson Roach, Thomas Simmons, and Mary Roach, who are securities on the bond for the delivery of the property attached in this cause, for the sum of one hundred and seventy-five 10-100 dollars, because plaintiff states that the defendant is a nonresident of this State, and has no property herein that affiant knows of, and because, by virtue of said bond, defendant took possession of said property, used it in a way that has greatly injured it, and rendered it of much less value; that such injury, in the opinion of this affiant, was wicked and wilful, and done to defraud this plaintiff; that the same has been sold for two hundred and eleven dollars, its full value, when said property

was worth and could have been sold for three hundred and fifty dollars at the time it was attached; wherefore plaintiff prays judgment against said securities for the sum of one hundred and seventy-five 10-100 dollars, being the balance of said judgment and costs." This motion was signed by Burnes and sworn to before the clerk of the court. On the same day of the filing of this motion, without any notice having been given to said Mary Roach and her co-securities, the court sustained the motion, and rendered judgment against the said securities for one hundred and seventy-five dollars and ten cents. Execution was issued on this judgment, and the marshal levied the same on a tract of land of said Mary Roach, and advertised it for sale.

Mary Roach then filed her petition for an injunction in the said Weston Court of Common Pleas, stating and setting forth the facts.

To this petition the defendants answered, and moved to dissolve the injunction. Upon this motion the court dissolved the injunction, and rendered judgment against the plaintiff for the sum of one hundred and seventy-five dollars and ten cents. The plaintiff, on same day, filed her motion for a new trial, and also in arrest, which were overruled.

*Ryland & Son*, for appellant.

I. The judgment obtained against the plaintiff and her co-securities on the forthcoming bond being rendered without notice to the parties, the obligors in the bond, is a nullity — is void.

II. The forthcoming bond is executed to the officer whose duty it is to execute the writ of attachment, and who takes the property under the writ. This bond is prescribed by the attachment law, and is returnable by the officer with the writ. (See § 29, 30 & 31, art. 1, Attachment, 1 R. C. 1855, p. 247 & 248.) This bond is under the control of the court, and remains the property of the officer executing the writ of attachment until he returns on the execution "no property found;" then the court shall direct the sheriff, or, in this

case, the marshal, to assign to the plaintiff, his executor or administrator, the bond taken by him for the forthcoming of the property attached; and then the court may, upon motion, render judgment in favor of plaintiff against the obligors in the bond for the value of the property, &c., &c. (§ 57.) But no judgment shall be rendered upon such motion unless the plaintiff shall have given the obligors in the bond *at least fifteen days' notice in writing* of such motion. (§ 58, Attachment Act, R. C. 1855, p. 256.) To bind a person by a judgment, when he was not summoned or notified, is contrary to natural justice. (See Smith v. Ross & Strong, 7 Mo. 465; Anderson v. Brown, 9 Mo. 640, 649; Sanders v. Rains, 10 Mo. 770; Starbuck v. Murray, 5 Wend. 156; 8 Johns. 86; Robinson's Executors v. Ward, 4 Cowan, 292; Holbrook v. Murray, 5 Wend. 162.)

III. The judgment on the dissolution of the injunction and the assessment of damages is erroneous, and should have been set aside. Instead of the damages being a certain per cent. on the amount of the money, the collection of which had been restrained, the court, contrary to express provisions of the statute law of our State, gave judgment for both defendants, the plaintiff in the enjoined judgment and the marshal, for the full amount of the judgment which was sought to be enjoined. This second judgment on the dissolution, though not a nullity and void, is nevertheless an error and an absurdity.

*H. M. & A. H. Vories*, for respondent.

DRYDEN, Judge, delivered the opinion of the court.

This was a petition asking that the defendant should be perpetually enjoined from the execution of a judgment for one hundred and seventy-five dollars and ten cents, recovered by Burnes against the complainant. The ground upon which the relief was asked was, that the judgment was recovered on motion, without notice to the complainant, and was therefore void; and that defendants were seeking to enforce the same by execution against the plaintiff's lands.

A temporary injunction was granted. The defendants answered, and on the hearing the court dissolved the injunction and rendered a new judgment in favor of the two defendants, against Mrs. Roach, for the same sum which Burnes had in the first instance recovered.

The first judgment was clearly void, and the last was erroneous. If the defendants had sustained any damages by reason of the injunction, it was competent for the court to assess the same, not exceeding ten per cent. on the amount enjoined, and render judgment therefor. (§ 13 & 14, p. 1249, R. C. 1855.) The judgment cannot be sustained. Let it be reversed, and the cause remanded. The other judges concur.