## No. 8940.

E. W. TROEGEL VS. THE JUDGE OF THE SECOND CITY COURT ET AL.

It is only where the inferior Judge exceeds the bounds of his jurisdiction, or is guilty of an usurpation or abuse of his authority, that this Court, under the rules heretofore propounded, will interpose its supervisory powers.

So, where a person is sued personally for an amount within the jurisdiction of the court and seeks to avoid a personal liability, by pleading that the act or omission complained of, if done at all, was in his capacity of syndic of an insolvent estate then being administered in the District Court, which court it is averred has sole jurisdiction of the demand, and the plea is overruled and judgment rendered against the defendant personally, this Court will not interfere.

The plea in avoidance and its legal effect, was a proper matter for the determination of the Judge.

APPLICATION for Writs of Certiorari and Prohibition.

———

*A. Bernau* for the Relator.

*H. H. Bryan, Jr.* for the Respondents.

The opinion of the Court was delivered by

TODD, J.   The plaintiff, or relator, applies for writs of *certiorari* and prohibition under the following circumstances:

Joseph Hirn, one of the respondents herein, had brought suit against Troegel for less than one hundred dollars before the Judge of the Second City Court of New Orleans, and obtained judgment against him for the amount of his demand.

The claim sued on was for damages based upon an averment that, through the carelessness of Troegel, in leaving open the entrances to a building of which he had the possession, thieves had entered the shop of Hirn, the respondent, and robbed him of articles of value to the amount demanded in the suit, charging that Troegel was liable for the same because, through his fault, the loss had occurred.

Troegel's main defense to the suit, as we gather from the record, was that his possession of the building in question was a mere constructive possession, as syndic of a certain insolvent estate to which the property belonged, which estate was then under administration in the Civil District Court, and that, therefore, the Second City Court, before which the proceeding was pending, was without jurisdiction.

This defense was overruled, and judgment rendered for the amount claimed.

The relator complains of the proceedings and seeks to have the judgment declared a nullity, on the ground that the court was without jurisdiction to try the case.

The claim was a demand brought by Hirn against Troegel personally.   The latter attempted to evade personal liability by pleading that the acts of negligence charged were committed, if at all, in his capacity of syndic of the insolvent estate, and that the question of negligence *vel non* was a matter exclusively for the determination of ths court before which the insolvent proceedings were pending.

The City Court had to pass:

1.   On the fact of Troegel's alleged possession as syndic; and

2.   If this was shown to be the character of his possession, then upon the question whether, such being his possession, it relieved him of personal responsibility, and deprived the court of jurisdiction; or,

3.   The Judge might have concluded that the exception or plea was wholly irrelevant, and could, in no way, affect the question of the relator's personal liability.

Whatever may have been his conclusion on these points, and whether his conclusion was one of fact or of law, it is very certain that the whole matter was within the scope of his jurisdiction.

If evidence was offered touching the insolvency proceedings before

another court and rejected, the ruling could not necessarily be regarded as arbitrary, for it is well settled, that though a person may be an agent or acting in a representative capacity, he may, nevertheless, under certain exceptional conditions, render himself personally responsible to third persons; and such may have the case in this instance.

At any rate, it was a matter that the respondent Judge had a right to determine, and having such right and authority, even if his decision was wrong, under the rules we have laid down for the exercise of the supervisory power conferred on this Court, it would not be a case for our interference. State ex rel. vs. Skinner, Judge, 33 An. 255. As we have repeatedly said, it must be a case of a Judge exceeding the bounds of his jurisdiction, or guilty of arbitrarily ruling, and usurpation or abuse of authority, that this Court will feel authorized to interfere.

We discover nothing of the kind in the proceedings before us.

It is, therefore, ordered that the restraining order heretofore issued be rescinded, and that the writs applied for refused at the cost of the relator.

Rehearing refused.