# THE STATE ex rel. ANGELO L. FABRICO v. NELSON E. JOHNSON, Judge of Circuit Court.

### In Banc, April 6, 1922.

1. **PROHIBITION: Not Writ of Right: Discretion.** Prohibition is not a writ of right, but its issuance is dependent upon the facts of the particular case, measured by the discretion of the court to which the application is made, and it is never properly granted except where usurpation or an excess of jurisdiction is clearly evident.

2. **———: Petition to Review Judgment: Jurisdiction: Discretion of Court.** The statute (Sec. 1532, R. S. 1919) confers power upon the trial court to entertain a petition to review a judgment rendered by it, where such judgment was rendered by default against a defendant who was not personally served with summons in the suit and had not appeared or been made a party as the representative of one who had been so summoned or appeared; and only upon a showing of an abuse of the court's discretion, such as would constitute an act in excess of jurisdiction, could prohibition be properly invoked.

3. **———: ———: ———: Abuse of Discretion.** Where, as in this case, a judgment by default had been rendered against Joseph Marsala, upon a service of summons by leaving copy of the same at his usual place of abode with a member of his family over the age of fifteen years, and an execution had been issued and levied on the property of one Fortunato Marsala to satisfy such judgment, rendered in proceedings of which he had had no notice and to which he was not a party, it was not such an abuse of the court's discretion as to constitute an excess of jurisdiction, calling for the issuance of a writ of prohibition, for the trial court to entertain a petition by said Fortunato Marsala to review such judgment, in which petition he denied the existence of Joseph Marsala and claimed to be the person intended to be sued and to have a good defense to such suit.

4. **———: Jurisdiction of Person: Wrong Decision Thereon Error.** Where a court has jurisdiction of the subject-matter of an action

State ex rel. Fabrico v. Johnson.

and the question of its jurisdiction of the person turns upon some fact to be determined by the court, its ruling that it has jurisdiction, if wrong, is simply error, for which prohibition is not the proper remedy.

5. ———: **Motion to Quash Execution.** The proper remedy, for one whose property has been levied on to satisfy a judgment rendered by default in a proceeding of which he had no notice and to which he was not a party, is a motion to quash the execution under Section 1675, Revised Statutes 1919, and not a petition for review, as was resorted to in this case. But the trial court's entertaining such petition for review was merely error.

## Prohibition.

WRIT QUASHED.

*Marley. & Reed* for relator.

(1) No judgment debtor can avail himself of Sec. 1532, R. S. 1919, who has been served in manner prescribed by Sec. 1186, R. S. 1919. Campbell v. Gartin, 29 Mo. 343; Burnham v. Clark, 232 Mo. 661; Long v. Coal Co., 273 Mo. 76; Grain Co. v. Stevens, 217 S. W. 994; Mattocks v. Van Asmus, 180 Mo. App. 404; Smith v. Miners, 167 Mo. App. 592; Fraternal Bankers v. Wire Co., 150 Mo. App. 89. (2) Service as provided by Section 1186 is personal service, not constructive service. Cates v. Cates, 209 S. W. 552; Lucas v. Wilson, 67 Ga. 356; Burbage v. Bank, 95 Ga. 503; Moye v. Walker, 96 Ga. 769; Sturgis v. Fay, 16 Ind. 431; Dunkle v. Elston, 71 Ind. 589; Board of Commrs. v. Challis, 65 Kan. 181; Abbott v. Abbott, 101 Me. 347; Santiago v. Nogneras, 214 U. S. 267; People v. Hiram House, 4 Utah, 382; Grant v. Lawrence, 37 Utah, 450. (3) The return of the sheriff shows strict conformity to Sec. 1186, R. S. 1919, and is conclusive upon the parties. Smoot v. Judd, 184 Mo. 518; Ellis v. Nuckols, 237 Mo. 295.

*Griffin & Orr* and *Ben F. Kesterson* for respondent.

(1) The service of process upon Joseph Marsala was constructive service and not personal service. Rosen-

berger v. Gibson, 165 Mo. 16; Feurt v. Caster, 170 Mo. 289; Mattocks v. Van Asmus, 180 Mo. App. 404. (2) The service of process upon Joseph Marsala, intended for Fortunato Marsala, being substituted or constructive service, and he having not appeared to the trial of the cause, either in person or by counsel and having no knowledge of said suit until after judgment was rendered and execution issued thereon, it was his right under the statutes to file a petition for review, and having done so, respondent in this case was possessed with jurisdiction to hear said petition. McElvain v. Maloney, 186 S. W. 745; Boas v. Land & Farm Co., 193 S. W. 806; Stanton v. Hanna, 199 S. W. 145. (3) Respondent being possessed of jurisdiction to hear and pass upon the petition for review and having overruled relator's motion to strike from the files the petition of Fortunato Marsala for review, relator had his remedies under the law. State ex rel. Keirsey v. Calvird, 191 S. W. 1080; State v. Ellison, 208 S. W. 441; State v. McQuillan, 171 S. W. 76. (4) There is no merit to relator's statement that it would delay him, to abide by the action of respondent's court and wait until the cause could be heard, because delay or inadequacy of remedy arising from mere delay are no grounds for prohibition. State v. Shelton, 142 S. W. 420.

WALKER, J.—Prohibition. It is sought in this proceeding to prohibit one of the judges of the Circuit Court of Jackson County from entertaining jurisdiction of a petition for the review of a judgment.

The relevant facts are set forth in the petition for prohibition, which, omitting formal allegations, states, in effect, that in March, 1919, the relator, Angelo L. Fabrico, as plaintiff, filed a suit in the Circuit Court of Jackson County against Joseph Marsala, Maria Marsala and Diego Marsala to recover damages against defendants for the alienation of plaintiff's wife's affections. This petition was in the usual form applicable to cases of this character.

The writ of summons, issued in this suit, was directed against the defendants as above named. This writ was served, omitting signatures of sheriff, as shown by the following returns:

"Executed this writ in Jackson County, Missouri, on the 14th day of March, 1919, by delivering a copy of this writ together with a copy of the petition hereto attached to the within named defendant, Maria Marsala, she being the first defendant served.

"And I further executed this writ in Jackson County, Missouri, on the 1st day of April, 1919, by delivering a copy of this writ to the within named defendant, Diego Marsala.

"And further executed this writ in Jackson County, Missouri, on the 1st day of April, 1919, by leaving a copy of this writ at the usual place of abode of the within named defendant, Joseph Marsala, with a member of his family over the age of fifteen years."

Thereafter, this suit was tried in the circuit court, and the defendants failing to appear, but making default, the court proceeded to hear the cause and, a jury being waived, evidence was introduced and the case argued by counsel for plaintiff; whereupon, the court found the issues in plaintiff's favor and assessed his damages at two thousand dollars and entered judgment therefor against Joseph Marsala, Maria Marsala and Diego Marsala, and each of them. No motion for a rehearing or other action in said cause was taken therein during that term.

Thereafter, at the September term, 1920, of the circuit court one Fortunato Marsala filed in said court a petition for review, the substance of which is as follows:

"That he is the only living son of Maria Marsala and Diego Marsala, defendants in the above entitled cause; that there is no such person as Joseph Marsala; that the said Maria Marsala and Diego Marsala have not and never had a son named Joseph Marsala; that your petitioner assumes the fact to be that the above named

defendant Joseph Marsala was intended to be the same person as this petitioner; that the above named defendants Maria Marsala and Diego Marsala are aged persons, of Italian birth, unable to speak, read or write the English language, and wholly unfamiliar and unacquainted with courts or court procedure of these United States.''

Herein is inserted a copy of the sheriff's return of service upon Joseph Marsala, as heretofore set forth in full. '

''Petitioner further alleges that said writ of summons addressed to Joseph Marsala was intended for petitioner, but said writ or a copy thereof was not left at his usual place of abode with a member of his family over the age of fifteen years, nor was it left at the usual place of abode of petitioner with any person; that petitioner had no knowledge or information of the pendency of said suit or of any judgment entered therein until within the last few days, when he was informed and advised that the Sheriff of Jackson County had levied upon certain real estate belonging to petitioner under a judgment and execution against Joseph Marsala in the above entitled cause. Petitioner further shows to the court that he was not summoned as a defendant in said suit in the manner prescribed by the statutes and did not appear to said suit, and made no defense thereto; that the petition of plaintiff upon which the judgment rendered in this cause was obtained is untrue wherein it charges that Joseph Marsala (whom your petitioner assumes to mean himself), Maria Marsala and Diego Marsala, on or about the 17th day of July, 1918, and for some time prior thereto, conspiring together for the purpose of depriving Angelo L. Fabrico of the love, affection, society, assistance, comfort, fellowship and wifely sympathy of his wife Frances, did with that end in view and for that purpose, by threatening the life of his said wife, and by speaking of Angelo L. Fabrico in a disrespectful and sneering manner, and by urging his wife to leave him and return to her former home with her parents, and by representing to the said wife that he was not worthy of the affection, love, society,

assistance, comfort, fellowship and sympathy of said wife, did cause her to lose her love and affection, respect and sympathy for him, and did induce her, the said wife, to leave her husband, said Angelo L. Fabrico, and take up her abode with defendants.

"Petitioner further alleges that said petition is untrue wherein it alleges that plaintiff's wife, under the influence and solicitation of defendants therein, left plaintiff's home in Kansas City, and that plaintiff's home has been broken up because of the alienation of his wife's affections as therein charged.

"Petitioner further alleges that he and the defendants in said cause have, and then had, a good defense to the petition of said Angelo L. Fabrico, in that defendants can and will show that the said wife of Angelo L. Fabrico did leave and separate from him because of his cruel and inhuman treatment of her, and because of his failure to work and provide means for her support, and because he habitually mistreated her, thereby destroying her love and affection, respect and sympathy for him, and thereby causing and compelling his wife to leave him, and take up her abode with her parents in Kansas City.

"Wherefore, petitioner prays the court to make and enter of record an order setting aside the judgment rendered by default in this cause on the 7th day of April, 1920, and to permit petitioner and the other defendants named in said petition to file an answer or demurrer thereto, within such time as shall be ordered by the court, and to allow petitioner and the other defendants to present their defense to the matters and statements charged and alleged in said petition."

That thereafter, at the September, 1920, term of said circuit court, this relator, Angelo L. Fabrico, the plaintiff in said cause, filed a motion to strike the petition for review from the files for the following reasons:

"1. The said mover does not show and allege that he was a party to the judgment hereinbefore rendered in the above entitled cause.

"2.  That the said petition for review does not show and allege facts that would entitle the said Fortunato Marsala to be heard on the said motion."

"That at the November, 1920, term of said court, the motion to strike from the files the petition for review filed by Fortunato Marsala as aforesaid, was by the court overruled, leaving said petition for review standing for a hearing thereon; that the respondent Nelson E. Johnson is now the elected, qualified and acting judge of Division No. 4 of the Circuit Court of Jackson County, in which the petition for review so filed as aforesaid is now pending.

"Your relator further shows that the aforesaid division of the circuit court is without jurisdiction to entertain the aforesaid petition for review and is without authority or power to act thereon; that the judgment for two thousand dollars so rendered as aforesaid was based upon personal service of process upon each of the said defendants and is final and conclusive upon all the parties thereto, and there is no warrant or authority of law authorizing or empowering the aforesaid judge of the circuit court to molest or disturb the same or pass upon or determine any of the claims set up in the petition for review or to set aside the aforesaid judgment at the instance or request of said Fortunato Marsala or any other person, and any attempt so to do on the part of said judge is in excess of his jurisdiction and would be null and void; that for the said judge of the circuit court to entertain said petition for review and to hear evidence in support thereof and to act thereon adversely to the relator, would compel the relator to abide by said action and wait until the cause wherein the relator is plaintiff and Joseph Marsala, Maria Marsala and Diego Marsala are defendants again came on for trial on the merits and for a final judgment to again be entered therein before this relator could seek any relief in an appellate court and such action would leave relator without adequate relief in the premises.

"Wherefore, this relator prays that an alternative writ of prohibition issue herein directed to the Honorable Nelson E. Johnson, as Judge of Division No. 4 of the Circuit Court of Jackson County, prohibiting him as such circuit judge from entertaining jurisdiction over or taking cognizance of the aforesaid petition for review and from in any manner acting thereon and that the said Nelson E. Johnson as such circuit judge be cited and admonished to be and appear before this Honorable Court at such time as it may direct to then and there show cause why, if any he has, such alternative writ of prohibition should not be made absolute."

Upon the filing of the foregoing petition for prohibition, a provisional writ was issued by this court, and thereupon the respondent entered his appearance, and the relator moved the court for an order making the provisional writ of prohibition absolute.

I. In permitting the filing of the petition for review, did the trial court act in the absence of or in excess of its jurisdiction? This is the issue sharply put. In determining it, our conclusion may not improperly be influenced by a consideration of the nature of the writ here sought to be invoked.

Prohibition is not a writ of right. The issuance of the writ is dependent upon the facts of the particular case measured by the discretion of the court to which the application is made. Interfering, as the writ seeks to do, with the action of a subordinate tribunal, moving, as such a tribunal is presumed to move, within its prescribed orbit, the writ is never properly granted except where usurpation of jurisdiction or an act in excess of same is clearly evident. [State ex rel. Warde v. McQuillin, 262 Mo. 256, 171 S. W. 72; State ex rel. Morse v. Burckhartt, 87 Mo. 533; State ex rel. Clark v. Klene, 201 Mo. App. l. c. 417; State ex rel. Keirsey v. Calvird, 195 Mo. App. l. c. 356, 191 S. W. l. c. 1080; State ex rel. Finch v. Duncan, 195 Mo. App. l. c. 545; School Dist. v. Sims, 193 Mo. App. l. c. 484.]

*Prohibition: Nature and Purpose.*

The facts are such that we need not concern ourselves with the question of misnomer or a discussion of the character of the service of process. These questions might influence our conclusion if they were not eliminated by the record. The original action, so far as concerns the matter at issue, was brought against Joseph Marsala. Process was issued and service had upon him, and a judgment rendered against him. The entire proceeding, therefore, from its inception to the attempted levy of the execution based on the judgment, so far as concerns Fortunato Marsala, was a mere nullity. Not having been sued or served and no judgment having been rendered against him, his rights or property could not be affected by the proceeding. No comment is necessary to sustain this conclusion, other than the statement of the foregoing facts. We have so said affirmatively from the earliest utterances of this court. [Smith v. Ross, 7 Mo. 463; Steigers v. Gross, 7 Mo. 263; Anderson v. Brown, 9 Mo. 638; Roach v. Burnes, 33 Mo. 319; Napton v. Leeton, 71 Mo. l. c. 367.]

Jurisdiction of the trial court to hear and determine the original action was complete. This is not questioned, but it is contended that, the judgment having been regularly rendered and the term having passed, the court is powerless to entertain a petition to review the judgment in the manner contemplated by Section 1532, Revised Statutes 1919. This statute confers the power here questioned upon the trial court. It is only upon a showing of an abuse of the court's discretion, such as will constitute an act in excess of jurisdiction, that prohibition may be properly invoked.

The purpose of a petition for review is to right some wrong in the interest of substantial justice. Under the common-law procedure the remedy resorted to was either the writ of *audita querela* or *coram nobis*, dependent upon the facts relegating the right of action to one rather than the other of these writs; under the statute, however, a resort to the first mentioned is dispensed with, and a like rule is applicable in many instances to the last.

The distinguishing feature of the statutory proceeding being that it must be based upon an irregularity patent of record. [Boas v. Cliffdale L. & F. Co., 193 S. W. (Mo.) 806; State ex rel. Potter v. Riley, 219 Mo. 681.]

As to what constitutes an abuse of discretion must be determined by the facts in each particular case; if these facts present a case from which it may be doubted whether the defense set up in the petition for review, if sustained, will change the result, then the judgment should not be disturbed; if, however, cogent facts disclose an erroneous conclusion theretofore reached, the petitioner for review is as much entitled to relief as in the original action. [1 Black, Judgments, sec. 354, p. 553, and cases.]

In Craig v. Smith, 65 Mo. 536, in which there was no evidence either of service of process or the appearance of defendant, we said, in harmony with the foregoing general deduction, that: "While this court will not interfere with the discretion of the trial court in refusing to vacate and set aside a judgment where there is a conflict of evidence, it will do so when the evidence is all on one side and it is clear that the discretion has been abused."

When, therefore, it was made to appear to the trial court in the instant case that an execution had been or was about to be levied upon the property of Fortunato Marsala to satisfy a judgment rendered in that court in a proceeding of which he had no notice and to which he was not a party, the entertaining of a petition for review cannot be characterized as such an abuse of the court's discretion as to constitute an excess of jurisdiction, and, hence, its action is not a proper subject for prohibition.

It is a general rule, admitting of no exception that we are aware of, that where a court has jurisdiction of the subject-matter of an action and the question of its jurisdiction of the person turns upon some fact to be determined by the court, its ruling that it has jurisdiction, if wrong, is simply error for which prohibition is not the proper remedy. [Courts and Jurisdiction, Works,

p. 634; Keirsey v. Calvird, 195 Mo. App. 354, 191 S. W. 1079; State ex rel. Railroad v. Seay, 23 Mo. App. 629; Railroad v. Rogers, 52 W. Va. 450, 62 L. R. A. 1. c. 189; 32 Cyc. 604; Troegel v. Judge, 35 La. Ann. 1164.]

II. In view of the disposition of the principal matter at issue, a discussion of the question as to the error of the trial court in entertaining the writ of review may be somewhat supererogatory.

The judgment rendered in the original proceeding had no effective force either as a lien or to authorize the issuance of an execution thereon except against the defendants sued, served and named in the judgment. The error, therefore, in the issuance of the execution upon this judgment against the property of Fortunato Marsala could have been effectively remedied by a motion to quash the execution under the statute (Sec. 1675, R. S. 1919), which not only provides the remedy, but prescribes the procedure. In the face of this statute, the petition for review should not have been entertained on the ground that an effective remedy was provided by the statute without seeking to assail the formal regularity of the judgment. In failing so to rule, the trial court was in error.

*Unauthorized Execution: Motion to Quash.*

All that can be accomplished by a proceeding for a review is to prevent a wholly illegal levy upon the petitioner's property, which, as stated, could have been more speedily and effectively prevented by following the course prescribed by the statute cited. Further than this, the proceeding for a review if sustained will result in the setting aside of a judgment, not against the petitioner, but which he contends should be vacated in order that he may be made a defendant in a suit in which he now enters his appearance and demands, on his own initiation, a trial of issues heretofore determined against others. The case is anomalous. Why the proceeding for review should have been brought, and having been brought, why it should have been entertained, and having been entertained, why it should have been opposed by the applica-

State ex rel. Boonville v. Hackmann.

tion for a writ of prohibition, is beyond the limit of reasonable conjecture. If the facts in the original action, of which we know nothing, are well-founded and are established upon a retrial, the proceeding may result in a valid judgment against the petitioner, who, if he had been content to observe the doctrine of diplomacy of *laissez faire*, might, at least, have been freed from the cares of litigation until an action was brought against him. His success, therefore, in this proceeding may redound to rather than militate against the interests of the plaintiff to the original action.

All this is aside, however, as the matter of immediate concern is the right of the relator to the permanent writ, which we have denied. All concur, *James T. Blair, C. J.,* in result.