STATE EX REL. MARY TIGHE, RELATOR, v. DARIUS A. BROWN, JUDGE, ETC., RESPONDENT.

Kansas City Court of Appeals. January 6, 1930.

*Cowgill & Popham* for respondent.

*Johnson, Lucas, Landon & Graves* for relatrix.

BARNETT, C.—This suit was instituted by an application for a writ of mandamus originally filed in this court. The whole case is on paper. Relator filed an application for a writ of mandamus, respondent filed his return, and relator filed a demurrer. The facts

alleged are that the relator brought suit on a policy of insurance in the circuit court of Jackson county, Missouri, and filed the petition with the circuit clerk at Independence. The defendant in that cause, Midwest Life and Casualty Association of Topeka, Kansas, entered a special appearance and filed a motion to quash the return upon the summons. While this motion was pending a stipulation, signed by the attorneys for plaintiff and defendant, was filed which, omitting caption and signatures, is as follows:

"The undersigned attorneys for plaintiff and defendant hereby stipulate that with the consent of the court this case may be removed and transferred to the circuit court of Jackson county, Missouri, at Kansas City."

Pursuant to this stipulation the cause was transferred and was assigned to division eight of the circuit court of Jackson county at Kansas City, and thereafter the motion to quash the sheriff's return was sustained. The plaintiff then sued out an *alias* summons which was served upon the commissioner of insurance of Missouri. The defendant then filed a motion to quash the return upon this summons. This motion was filed with the circuit court of Jackson county at Kansas City, and was sustained. The plaintiff then filed a motion to compel defendant to plead, answer or demur to plaintiff's petition on the ground that defendant had entered its appearance in the cause by stipulation, but had nevertheless refused to plead. The motion was overruled. It is alleged that the circuit judge has refused to take jurisdiction of the suit and has refused to compel the defendant to plead, answer, or demur to the petition.

The prayer of the petition for mandamus is that the Honorable DARIUS A. BROWN, judge of the circuit court of Jackson county, Missouri, at Kansas City, be commanded to set aside the order overruling the motion to require the defendant in said cause to plead, answer, or demur, and that respondent be commanded to require defendant to plead, answer, or demur, and that respondent proceed to hear and determine same according to law. It is not alleged that the court has refused to respond to any attempt of relator to invoke the jurisdiction of the court, except that it has refused to sustain the motion to require defendant to plead, answer, or demur.

### OPINION.

The question presented by the briefs is whether or not the stipulation by which the defendant insurance company consented that the case of Tighe v. Midwest Life and Casualty Association of Topeka, Kansas, be transferred from the circuit court of Jackson county, sitting at Independence, to the circuit court of that county sitting at Kansas City constituted a general appearance. Up to the time that this stipulation was filed the insurance company was not in

court so far as is shown by this record. It does not appear that there was any error in quashing the return on the summons. The appearance for the sole purpose of filing a motion to quash the summons was a special appearance; but a defendant may appear specially and thereafter appear generally. It is said that any writing filed with the papers in a cause, not going to the jurisdiction of the court, which asks or consents to action by the court in the cause, constitutes a general appearance. [4 C. J., 1333-4.] Thus, it has been held that a stipulation for a continuance constitutes a general appearance. [Roberts v. Meek, 296 S. W. 193.] A stipulation to set a cause down for trial on a day certain has been held to be a general appearance. [Markey v. Railroad, 185 Mo. 385.] An application for a change of venue has been held to be a general appearance. [Julian v. Kansas City Star Co., 209 Mo. 35.] In the last cited case there was a dissenting opinion by Judge GRAVES with whom Judge LAMM concurred, in which it was held that an application for change of venue constituted a general appearance when it was not preceded by a special plea to the jurisdiction which was still pending; but that the application for change of venue in that case did not amount to a special appearance; because a special appearance to question the jurisdiction of the court over the person of defendant had already been filed and was still pending, and that the defendant had a right to have the motion passed on by an unbiased judge. In a majority opinion by Judge GANTT it was held that when the defendant filed its application for a change of venue, it entered its general appearance in the cause, even though process might not have been sufficient to give jurisdiction over the person up to that point in the case. The view adopted by a majority in Julian v. Kansas City Star Co., supra, that the application for change of venue filed while the motion attacking the process was pending constituted a general appearance, was followed in the case of Tilles v. Pulitzer Publishing Co., 241 Mo. 609. In this case all of the judges concurred except Judge WOODSON who dissented upon another point. It has been held that defendant entered his general appearance by joining in a stipulation for a change of venue. [4 C. J. 1345.] We think that the authorities demonstrate that whenever the defendant, either by motion or by stipulation, asks the court to indulge in any act of its jurisdiction or to make any order, except an order the effect of which is to deny its own jurisdiction, there is a general appearance.

It is suggested by the respondent that the stipulation only consented that the hearing of the motion to quash the return should be transferred to the circuit court sitting at Kansas City. We do not so construe the stipulation. If the parties had intended to enter into such a stipulation, they no doubt would have stipulated that the hearing of the motion might be at Kansas City rather than at In-

dependence. But it was expressly stipulated that the case might be removed and transferred. We think this was a general appearance for the same reason that an application or stipulation for change of venue is a general appearance. Surely, no one would contend that if the circuit court of Jackson county, sitting at Kansas City, had overruled the motion, that the case should have been retransferred to Independence in order that the trial might be had upon the merits. Nor would any one contend that if the motion had been overruled and the defendant had sought by prohibition to prevent the trial of the case upon the merits, that it would have been proper to direct the writ to Judge HALL, sitting at Independence. It would not have been proper for the parties to split the action so that the motion to quash the return would be pending before one judge but the case would have been pending before another. The defendant construed the motion as we do, because it filed a second motion to quash a return and caused the same to be acted upon by a circuit judge sitting in Kansas City, instead of calling up the motion before the judge at Independence. This construction was concurred in by the court, because the motion was sustained without referring it to the judge at Independence.

Respondent also suggests that the stipulation did not have the effect of removing the cause; because there is only one circuit court in Jackson county, and that after the stipulation was filed and the order of removal made the case was still pending in the same circuit court. We do not think that this fact changes the nature of the appearance. By filing the stipulation the defendant became a moving party in the cause and invited the court to make an order which was not a denial of its own jurisdiction. By procuring such an order defendant succeeded in designating a place of trial different from that which would have resulted from the filing of the petition or from any action taken by the plaintiff *ex parte*. Defendant succeeded in transferring further proceedings to a place which was, no doubt, more to its liking, and caused an order to be made which divested the judge sitting at Independence of all further power to make any orders whatsoever in the cause. In this connection we call attention to the fact that the effect of quashing the return was not the same as an order dismissing the action. After the return was quashed the cause was still pending, and the plaintiff still had the right to attempt to get service upon the defendant. The defendant still had the right to enter its voluntary appearance. But if the plaintiff did succeed in bringing the defendant into court, the cause would not proceed before the judge sitting at Independence.

The alternative writ issued by this court at the instance of relator commands the respondent to set aside the order overruling the motion to require the defendant to plead, answer, or demur to the relator's petition and to require the defendant to plead, answer, or

demur and to proceed to hear and to determine the same according to law. It is to this writ and not to the petition, that the return is made. We know of no decision that holds that a circuit court of Missouri can make and enforce an order requiring the defendant to plead, answer, or demur to a petition. The defendant has the absolute right to stand in default. If the alternative writ had required the trial judge to exercise its jurisdiction or to proceed with the case notwithstanding the default of the defendant and had alleged that the court had refused to do so after its duty to proceed had been properly invoked, another question would be before this court. However, although we think that the return states no reason why the respondent should not exercise its jurisdiction, yet the return to the allegations in the alternative writ alleges sufficient grounds why the peremptory writ should not issue. The demurrer should therefore be overruled, the peremptory writ denied, and the alternative writ quashed. The commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by BARNETT, C., is adopted by the court. The demurrer is overruled, the peremptory writ is denied, and the alternative writ is quashed. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.

### ON MOTION FOR REHEARING.

BARNETT, C.—Relator has filed a motion for rehearing in which it is alleged that we overlooked a decision of the Supreme Court when we said:

"We know of no decision that holds that a circuit court of Missouri can make and enforce an order requiring the defendant to plead, answer or demur to a petition."

Relator calls our attention to the case of State ex rel. Texas Portland Cement Co. v. Moses N. Sale, 232 Mo. 166. In that case a suit had been brought by the cement company against two defendants. The sheriff made return showing that he had served the process on both defendants. They appeared specially and asked the court to quash the service of the summons on the theory that the sheriff's return showed that the process was improperly served. The motion was sustained. Thereafter, the plaintiff as relator instituted proceedings by mandamus in the Supreme Court against the circuit judge. According to the statement contained in the opinion relator sought by mandamus to compel one of the judges of the circuit court of the city of St. Louis to proceed with the cause. The opinion states that there was presented the sole question of the sufficiency of the sheriff's returns. It is true that in the statement of the case it appears that after the motion to quash the service was sustained the

plaintiff filed in the circuit court a motion to compel defendants to plead, answer, or demur to the petition. That fact did not prevent the plaintiff from maintaining mandamus to compel the court to proceed with the exercise of its jurisdiction; because the court's jurisdiction had been properly invoked and the court by quashing the service had unequivocally refused to proceed with the exercise of its jurisdiction. The opinion does not indicate that the Supreme Court compelled the circuit judge to enter an order compelling the defendants to plead, answer, or demur, to the petition. Nevertheless, out of an abundance of precaution, we have procured a copy of the prayer of the petition and of the writ in the case of State ex rel. v. Sale, supra, and an inspection demonstrates that relator has misconstrued the action of the Supreme Court. The relator's prayer in State ex rel. v. Sale, supra, was:

"That a writ of mandamus may issue against said Moses N. Sale, judge of said circuit court of the city of St. Louis, Missouri, commanding him to entertain and hear said petition and to proceed to a final determination of said cause according to the statutes in such case made and provided; and for such other process, orders and remedies as may, to this honorable court, seem meet and proper."

The writ required the trial judge to set aside the order overruling relator's motion to set aside a previous order quashing the returns, and to set aside the order sustaining defendant's motion to quash the returns, and that the motion to quash the returns be overruled. It is true that defendant's motion to set aside the order quashing the returns also prayed that defendants be required to plead, answer. or demur, but the writ did not require such an order to be made.

We adhere to our original views. The motion for rehearing should be overruled. The commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by BARNETT, C., is adopted by the court. The motion for rehearing is overruled. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.