**LEE HOLDING COMPANY, a corporation, Respondent,**

v.

**WENTZVILLE OIL COMPANY, Inc., a corporation, Appellant.**

**No. 24472.**

Kansas City Court of Appeals.

Missouri.

Oct. 3, 1966.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1966.

Application to Transfer Denied Jan. 9, 1967.

Young & Briegel, Union, for appellant.

John O. Bond, Jefferson City, for respondent.

HOWARD, Judge.

This is a suit for rent due under a filling station lease. Respondent secured a default judgment for $4,400.00 in the Circuit Court of Cole County. Appellant contends that the trial court did not have jurisdiction of its person because of improper venue. Both parties are corporations and appellant was the sole defendant below. We shall refer to the parties as they appeared below.

Plaintiff's petition alleges that both parties are Missouri corporations; that plaintiff leased a filling station in Warren County, Missouri, to the defendant at a rent of $400.00 per month and that defendant had failed to pay rent for eleven months, during which it had possession of the leased premises. Plaintiff also alleged "defendant was obligated to make said payments to plaintiff at its address in Cole County, Missouri" and that "this claim for relief occurred [accrued] to plaintiff in Cole County, Missouri". A copy of the lease was attached to and made a part of the petition.

On the 31st day after service of summons, defendant filed motion to dismiss, alleging that it was a corporation domiciled in St. Charles County and had never conducted any business or maintained any office or place of business in Cole County, Missouri, and that the cause of action did not accrue in Cole County, Missouri. Defendant further alleged service of summons on the corporation in St. Charles County, Missouri, by the St. Charles County sheriff. No verification of this motion is shown in the transcript. Plaintiff's brief asserts that the motion was not verified and defendant's brief does not controvert this assertion.

The trial court sustained a motion to strike defendant's motion to dismiss because the motion to dismiss was filed out of time, i. e. on the 31st day after service of summons. Defendant then filed what is denominated "Motion for Additional Time to File Answer". However, the motion requests the court "to grant additional time to file a motion to dismiss", which motion had been filed one day late. The court's docket entry recites, "Motion to strike granted. Motion for additional time to file answer filed and granted. Motion of defendant to dismiss refiled." Thereafter the motion to dismiss was taken up and the transcript shows that the court "having considered said motion and the briefs of counsel" overruled the motion. Defendant refused to plead further and plaintiff after

adducing evidence secured its default judgment.

Defendant on this appeal contends that the cause of action did not accrue on Cole County and that, therefore, venue of this suit was not in Cole County and consequently the trial court did not have jurisdiction of the person of the defendant; it further contends that it has not by its pleadings waived questions of venue and jurisdiction over the person and has not entered its general appearance. Plaintiff controverts both of these contentions. We will consider the matter of waiver first, because if we find waiver we need not consider the other issues.

After its original motion to dismiss had been stricken, defendant filed its motion for additional time to plead as above set out. Plaintiff contends that this pleading constitutes a general entry of appearance and had the effect of waiving any question as to venue and jurisdiction of the person. In reliance on Oliver v. Scott, Mo.App., 208 S.W.2d 468, it asserts that the trial court was correct in striking defendant's first motion to dismiss. The cited case concerned a matter wherein the defendant had repeatedly filed pleadings, not only out of time, but without serving the same upon opposing counsel. The court there quite rightly held that the trial court properly struck such pleadings. In that case no question of jurisdiction was raised by such stricken pleadings and, on the authorities we shall discuss hereinafter, it does not govern the issues in the case at bar.

Many of the older cases, such as Mahan v. Baile, 358 Mo. 625, 216 S.W.2d 92, Lieffring v. Birt, Mo.App., 154 S.W.2d 597, and State ex rel. Tighe v. Brown, 224 Mo.App. 844, 23 S.W.2d 1092, did hold that any pleading which asked the court to exercise its jurisdiction and make an order beneficial to the pleader for any purpose other than denying its own jurisdiction, constituted a general appearance and waived any question of venue or jurisdiction of the person. However, the pronouncements of these cases have been substantially modified or changed by later decisions. Thus in State ex rel. Boll v. Weinstein, 365 Mo. 1179, en banc, 295 S.W.2d 62, suit was filed in St. Louis County on a cause of action accruing in Jefferson County against a corporation as sole defendant, which had its only place of business in Jefferson County, and which did not have any place of business or did not maintain an office in St. Louis County, and which had not transacted any business in St. Louis County. Service was had in St. Louis County on the president of the defendant corporation who happened to be found in St. Louis County on his own individual business. Defendant did not file any pleading in the St. Louis County circuit court until more than thirty days had elapsed after service. It then appeared specially and attacked the jurisdiction of the court because of improper venue and lack of jurisdiction over the person of defendant. When this motion was overruled, it applied for prohibition. The court pointed out that the defendant did not waive any question of venue or jurisdiction by staying out of court and failing to plead for more than the prescribed thirty days; that not having waived anything prior to filing his motion to dismiss on special appearance, he did not waive the matter at that time; that the trial court did not secure jurisdiction of the person of the defendant because of the improper venue. The court then directed the trial court to dismiss the suit for lack of jurisdiction. The court specifically refrained from ruling on the question of whether or not defendant did waive the question of jurisdiction by securing leave to plead out of time, because no such leave had in fact been requested or granted and the decision of such issue was not required.

Applying the doctrine of this case to the situation in the case at bar, when defendant filed its motion to dismiss on the 31st day, for lack of jurisdiction over the person based upon improper venue, it had not waived the question of lack of jurisdiction over its person; such was then a live

issue, ripe for determination by the court, and the court should have considered the same on its merits. It is implicit in the decision in the Weinstein case that the question of jurisdiction of the person can be raised for the first time by a pleading out of time, or, conversely, that the party does not waive the question of jurisdiction of the person by failure to assert the same by motion within the time prescribed by Civil Rule 55.37 V.A.M.R.

Thus the defendant properly raised the question of jurisdiction of the person because of improper venue. Did it waive such question by seeking leave to plead by its subsequent motion? We must note that although the motion is captioned, "Motion for Additional Time to File Answer", the motion itself asks only additional time to file motion to dismiss, and specifically refers to its previous motion, which was filed one day late. This motion for leave was filed on the day the previous motion was stricken; it was granted on the same day and still on that same day defendant refiled its motion to dismiss attacking the jurisdiction of the court.

■ In the recent case of Greenwood v. Schnake, Mo., 396 S.W.2d 723 (decided after the judgment in the case at bar was rendered), defendant secured two orders for additional time to plead. In each application defendant recited that he was "reserving the right to assert all defenses accruing to him that might have been pleaded on the original return date". Defendant then filed a motion attacking jurisdiction of the person together with a motion for more definite statement. He filed other pleadings in which he either attacked the jurisdiction of the court or recited that he reserved that question. Thereafter he made discovery and secured a continuance without attacking the jurisdiction of the court and without mentioning his question of lack of jurisdiction. Under prior cases such as those relied upon by plaintiff in the case at bar, this action would clearly have constituted a general entry of appearance and

a waiver of the question of jurisdiction. The court pointed out that because the defendant had properly raised the question of jurisdiction of the person, he did not waive such issue by proceeding with the case when the court ruled against him on the jurisdictional issue. The court said: "Having once hoisted the flag at the beginning of the journey a litigant over whose person a court lacks jurisdiction need not continuously wave the flag at every way station along the route." It would appear that this would apply specifically to the case at bar, and on the basis of the decision in this case, together with the holdings in Elrod v. Lafayette Elevator Company, Mo. App., 379 S.W.2d 852 and State ex rel. Ballew v. Hawkins, Mo.App., 361 S.W.2d 852, we hold that defendant did not enter its appearance or waive the question of jurisdiction over the person when it requested leave to refile its motion attacking such jurisdiction, which motion had theretofore, and on the same day been stricken (and improperly stricken) because filed one day late.

■ We note that the opinion in Greenwood v. Schnake, supra, (an opinion of Division One of our Supreme Court) as dicta indicates that the question of jurisdiction of the person might be waived if not filed within the time to plead as provided in Civil Rule 55.37. This dicta would seem to be contrary to the holding in State ex rel. Boll v. Weinstein, and we are bound by this pronouncement of our Supreme Court en banc.

■■ We must therefore consider the issues of jurisdiction of the person on its merits. Section 508.040 (all statutory references are to RSMo 1959 and V.A.M.S.) provides for the venue of suits against corporations as the sole defendant. This statute reads, in pertinent part, as follows: "Suits against corporations shall be commenced either in the county where the cause of action accrued * * * or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary busi-

ness." Did this cause of action accrue in Cole County, Missouri? Plaintiff maintains that it did. Its position seems to be that since defendant's motion to dismiss was not verified and since no evidence was heard when the court considered and overruled the motion to dismiss, that we are bound by the assertions in the petition that "defendant was obligated to make said payments to plaintiff at its address in Cole County, Missouri," and that "this claim for relief occurred [accrued] to plaintiff in Cole County, Missouri." The transcript does not contain any evidence adduced at the hearing on the motion; the order of court overruling the motion makes no mention of evidence. It only recites that the court considered "the motion and the briefs of counsel." Thus we must resort to the pleadings to determine this issue and we must agree with plaintiff that the allegations in defendant's unverified motion do not prove themselves. However, we are not necessarily bound by the conclusions pleaded in the petition. The lease on which this cause of action was based was attached to and made a part of the petition. This lease shows that there was no agreement as to where the rental payments were to be made. It is entirely silent on this subject. It does not support plaintiff's assertion that the rental payments were to be made to plaintiff at its address in Cole County.

■ Plaintiff contends that we should reach this conclusion because the general law is that in the absence of special agreement between parties, the law will presume that money is to be paid at the residence of the creditor. The authorities cited in support of this assertion by plaintiff so state, but they also state that such general rule does not apply to rent. See 32 Am.Jur., Landlord and Tenant, Section 467, page 383, where it is said: "In the absence of any stipulation in the lease, or in an agreement auxiliary thereto, fixing the place at which the rent shall be paid, the general rule is that it is payable upon the leased premises." 40 Am.Jur., Payment, Section 17, page 723 makes reference to the same exception. See also 52 C.J.S. Landlord and Tenant § 543, page 352, where the same general law is set out. Thus, under the general law the rental payments in question in the case at bar were not to be made to plaintiff at its address in Cole County, but rather were to be made by defendant at the rental premises in Warren County. Furthermore, in the case of Moherstadt v. Harry Newman Inc., Motor Cars, 204 Mo.App. 619, 217 S.W. 591, the court, while recognizing the general rule that in the absence of a specific agreement, the law would imply that money due was to be paid at the residence of the creditor, held that this rule would not fix the venue of a cause of action for money due under this venue statute. It found that where the cause of action was based on failure to pay money due under a contract (not a negotiable instrument or similar commercial paper) such cause of action did not accrue at the residence of a creditor, but at the place of business of the debtor.

■ Under the above authorities and since the lease did not provide any place for the payment of the rent, it would appear that payment was to be made at the leased premises, not at plaintiff's address in Cole County, Missouri, and that plaintiff's cause of action for the payment of money did not accrue in Cole County, Missouri. Thus, venue of this cause of action can not be found to be in Cole County, Missouri, on the grounds that the cause of action accrued therein.

■ We must then determine whether or not venue is in Cole County, Missouri, because defendant had or usually kept an office or agent for the transaction of its usual and customary business in Cole County. Defendant does not mention this issue in his brief; however, we can not convict the trial court of error without making this determination. Plaintiff's brief refers to this question only in passing, its position being that there is no evidence in the record from which we can determine lack of venue. The record is entirely devoid of evidence

on this point. The petition contains no allegation concerning this matter and there is nothing in the lease from which it can be inferred that defendant either did or did not keep an office or agent in Cole County for the transaction of its business. Defendant's unverified motion alleges that defendant did not have any such office or agent and did not conduct any business in Cole County. The allegations of such an unverified motion do not prove themselves and we can not take such allegations as proof herein. No affidavits were filed in support of this motion. No evidence was adduced by defendant in support of its motion to dismiss. In such situation the moving defendant had the burden of establishing the allegations of his motion. It not only failed to carry this burden but made no effort to do so. See Randall v. St. Albans Farms, Inc., Mo., 345 S.W.2d 220, Bealmear v. Beeson, Mo.App., 263 S.W.2d 472 and Locasio v. Ford Motor Co., 240 Mo.App. 269, 203 S.W.2d 518. We must therefore presume that the trial court, being a court of general jurisdiction, acted correctly. We can not, on the record before us, find that the court erred in overruling the motion to dismiss. See Darby v. Weber Implement Co., 203 Mo.App. 200, 208 S.W. 116, and cases cited therein.

The summons and return of service thereof was not included in the transcript on appeal, although it was available to the trial court. Pursuant to our order under Civil Rule 82.12 V.A.M.R., the clerk of the trial court has sent up certified copies of these documents and they are now, by our order, incorporated in and considered as part of the transcript. They show that the summons in the case was served on defendant in St. Charles County, Missouri, by the sheriff thereof by delivery to "Fred Eisenboth, who was at the time, Secretary of Wentzville Oil Company, Inc., a corporation, the within named defendant." We are mindful of the holding in State ex rel. Macon Creamery Co. v. Mix, 222 Mo.App. 426, 7 S.W.2d 290, Cf. Rubber Tire Supply Co. v. American Utilities Co., Mo.App.,

279 S.W. 751 and Daniels v. Yarhola Pipe Line Co., Mo.App., 206 S.W. 600, but the statutes governing service of process on corporations, discussed in these three cases and relied on in the Macon Creamery case, have since been changed by our legislature when it enacted the new civil code in 1943. No comparable provisions are found today in either our statutes or our Civil Rules. See Sections 506.150 and 506.170 and Civil Rules 54.06 and 54.09. Consequently, the above cases do not govern our decision.

In this situation, we can not find that the trial court erred, and not having erred, its judgment should be and is affirmed.

COOK, PHIL H., Special Judge, concurs.

CROSS, P. J., and BLAIR, J., not participating.